All right. The seventh case this morning is Patel against Barr which we are taking on the briefs. And so, am I right about that? Yes. Oh no, sorry, sorry. We're on case six. We're, that's why Mr. Hillis is here. United States against Kimberly Harrison, 19-2-6-8-0. And we have Mr. Hillis and Mr. Graber. So Mr. Hillis, you may proceed. May it please the court. Counsel, my name is Daniel Hillis. I'm with the Federal Public Defender's Office and I represent Ms. Harrison on this appeal. She raises one issue and it is that the district court lacked authority to issue the 12-19 restitution judgment. Here, the district court imposed a prison term on August 14, 2019. Ms. Harrison appealed on August 30th. The hearing that it delayed from the sentencing. Mr. Hillis, I have to say I'm just surprised given Dolan and Manrique that you're making this argument. Oh, can I respond? I've got an easy response for you. Okay. I'd love to hear it. All right. So, this case is easily distinguishable from both of those. Those cases depend on compliance with 36-64-D-5, Judge. And in those cases, if the amount's not ascertainable, then the district court can postpone the restitution determination. Here, there was never an assumption or an argument, a statement of any type by the probation office or the prosecutor that the amount was unascertainable. So, this falls out of section 36-64-D-5 and therefore you cannot have an extension of the restitution determination per Dolan. For us, it's as simple as that. It's not a matter of convenience for the district court or a hope that parties will reach an agreement as to the amount. There has to be a finding of a lack of ascertainability by the district court upon a motion or some statement from probation or from the government. That's the prerequisite for Dolan to turn out the way that it did under the statute. But, Mr. Hillis, I mean there was clearly some ascertaining that had to happen here. The parties were pretty far apart as of the time of the original sentencing, ranging from 580,000, they finally wind up at 176,000 and some. I mean, so I don't even know what you mean, ascertainable. There had to be, it wasn't like there was like a promissory note of a certain amount of money and everybody knows exactly what it is. There was further activity that had to happen and I'm not sure I read Dolan as tightly as you are. Well, I'd like to begin with the construction or the interpretation by Dolan and if we have a disagreement as to the amount, Judge, then that does not make the amount unascertainable. It just signals there's a dispute and so it would be for the court to resolve that dispute. There's nothing to say. But think of what you're saying. Unascertainable means we just have no idea what it is, literally. So sometimes it hasn't been ascertained yet, but the judges will there is a conclusion. The restitution will be X dollars. Yes, Your Honor, but that I think presumes that there's lacking evidence. There's something that is missing at the time of the PSR. There's never a complete accounting here like the PSR required. The PSR, I think, was content to say the loss was $538,000 for the restitution. However, that again just goes to the amount that's in dispute. If there's no additional evidence that needs to be presented and there was none here, then this does go to the statutory language that says whether the amount can be ascertained. If there was a victim who hadn't submitted a loss amount, then this may be a different matter that does correctly fall into 3664 D5. But that wasn't the case here. This is simply a matter of delay that was done apparently for the convenience of the court, but not upon a motion or any statement by the probation office or the government to say that the amount of loss couldn't be ascertained. Therefore, this does not fall under the statutory language. Dolan's exception can't be properly invoked. We have now just the necessary evidence that is to be decided by the district court in fashioning the restitution amount that had already been presented by the government or was available to the government as part of the process for preparing the PSR. This is not something that fits within the statutory language of 3664 D5 or within the confines of Dolan. If we were to disagree about Dolan and how it's to be interpreted or applied here, we can nevertheless look to the rather clear language of the statute. Dolan is a case in my view that would make a textualist blush about how the word shall is to be discerned and interpreted. But we can still look here because the case is different from Dolan in that compliance with 3664 D5, again the motion by the government or by the probation office or some finding by the district court that the loss couldn't be determined. Those things are not present. Can we bring Manrique, which Judge Barrett also mentioned, into the discussion because that seems pretty clearly not to rely on this whether there's additional evidence that needs to be unfair, you know, found out or not line you're suggesting and basically says there are two orders, you know, and if you had wanted to complain about the final restitution order, you had to file a second notice of appeal. Yes, so we do have a problem with that, of course, because as we pointed out, my client wasn't present at that later hearing. That's a Rule 43A3 issue. But you didn't raise that before, right? We didn't need to because it's only in response to the government's argument to rely on that to say that there was a valid proceeding and a valid waiver by my client such that her actions show that she didn't intend to contest that. She was unaware of it. She had significant medical problems, as the court is likely aware, due to her heart issues. She's out of jail presently as she recuperates from a major surgery and, of course, she wasn't present for the hearing. And I will acknowledge that the restitution is criminal or civil, but I'll offer that its unique view is not shared by the rest of the circuits. The Tenth Circuit is the only circuit that seems to follow the Seventh in that regard, but that is in conflict with another Tenth Circuit decision. And the language from Pasquitino and Kelly would suggest that the Seventh Circuit's view is perhaps incorrect as about the difference between criminal and civil, not to mention Rule 4 has different timing provisions for appealing from a civil versus a criminal decision by the court. And here, all of that suggests that the loss amount here would be a criminal matter. And, of course, my client then wasn't present for the criminal aspect of that case that occurred in December because she wasn't present for the hearing, which is a violation, a per se violation of Rule 43A3 under this court's Bethea case that we mentioned in our brief. So we'd have a problem with the validity of that later judgment for that reason, Judge Wood, and we think, again, we start with the language from the statute. It does not satisfy. We then have the fallback contentions about anything with Manrique in the second judgment, but then we have the Rule 43A3 violation that's very, very squarely present here. And so for those reasons, we would say that the December 11, 2019 restitution order is invalid, and we would ask the court to vacate that decision. And with that, I have nothing further to reserve the balance of my time. All right. Thank you. Mr. Graber. Good morning, Your Honor. May it please the court. My name is Dan Graber. I represent the United States in this case. Judge Barrett, you're correct. We've got Supreme Court law, two binding decisions, Manrique and Dolan. They stand for the proposition that in a MVRA case, when the court enters a deferred restitution order, a filing of a notice of appeal does not divest the District Court of Jurisdiction to enter that deferred restitution order. This was an MVRA case. Judge Peterson, at the sentencing, dealt with the tax loss issue first, and then, as you can see in the transcript, says now we're going to go to restitution. There's a counsel's attempt to try to distinguish Dolan is not persuasive. Here's why. There was a reason to have a distinction between the tax loss and the restitution. There was an objection raised in the PSR objection. If you look at Record 76 of PSR objection, the government was coming at a number. We wanted $583,000 for tax loss and restitution. The defense was coming in at $176,000 for tax loss and the judge ruled in our favor for tax loss, but said I'm not going to do that for restitution. Parties, do you want some time to see if you can work out a stipulation? The defense said, yes, we'd like to take you up on that offer. They, in fact, did come to a stipulation. The government said, fine, we'll go with the $176,000 number instead of the $583,000. That's what happened. So the court had the right, there is no factual distinction here, the court had the right to enter, do a deferred restitution order, see if the parties could come up with a number. Dolan applies and the court had jurisdiction to enter this restitution order. The second point the court's bringing up is the Manrique issue. That knocks this appeal right out of the box, right out of the gate. They should have filed a second notice of appeal. They didn't. This court doesn't have jurisdiction to hear this appeal. The 11th Circuit in Manrique, that's what the 11th Circuit did. Supreme Court affirmed that. In this case, the defense should have raised Manrique in an opening brief. That's contrary law. They should have raised it. They didn't. They waived it. This was a knowing and intentional waiver by the defense. The reason you know that, judges, look at Record 3.2 in the Court of Appeals where they file the motion to stay the appeal and they cite Manrique saying, we don't want to write two briefs. We wrote, we appealed the first judgment. Please put that, stay that, until we can get an order on the restitution. Then we'll file a notice of appeal. Then we'll join and brief it together. So this court granted that motion to stay. Then after the restitution order was entered, the defense came back and said, we entered a stipulation to restitution. Here's the number. We're not going to appeal the sentence. That shows a knowing and intentional choice to go down one road and not the other road. So they've waived Manrique. They've also, this argument, well, the Rule 43 issue, that's red herring. That's their ability to try to shoehorn a new argument in by saying, look, we tied it to Manrique. That has nothing to do with Manrique, Your Honors. It doesn't matter the physical presence. You can't distinguish Manrique from Harrison by saying, well, in Manrique, uh, that defendant was physically present and in Harrison she wasn't physically present. That's a distinction without a difference. They're trying to inject the Rule 43 violation in a reply brief. You cannot do that. A new issue raised on reply is deemed waived. The 43 issue should have been raised in the opening brief. It wasn't. That's the first point. The second point on the Rule 43 issue is it doesn't apply. She was, Ms. Harrison was there for the sentencing. She was there when Judge Peterson said, I'm going to do restitution, but I'm going to allow them out to be determined later. Maybe the parties can come together with the stipulation. She entered a stipulation. There was no, there was no restitution hearing. The stipulation obviated the need for the restitution hearing. What we had on December 11th was a telephonic conference between the lawyers where the judge said, Hey, I hear there's a stipulation. The defense says, yes, I just talked to my client. The number is 1 76. The parties agree. He asked me, is that true? I said, yep. End of story. There was no argument. There was no backfinding. There was no restitution hearing was simply a telephonic conference as to the stipulation. So the stipulation obviated the need for restitution hearing. Therefore, it obviated the need for this physical presence at the hearing. The other point as to why rule 43 doesn't work is because the voluntary absence exception under rule 43 C one B. You don't need to be at a sentencing or the restitution hearing if you voluntary absent yourself. She did. Why? Because she entered a stipulation. She didn't need to be at the hearing once she entered a stipulation saying a 1 76 fine. And you know that based on record site number five where they come back and tell this court. Hey, we've entered a stipulation on restitution. We're fine with that. We're not gonna appeal the restitution number, but we want to appeal a sentencing issue. That's why the 40 rule 43 argument it's been deemed wave because it shouldn't have. It should have been brought up in the in the opening brief, and it doesn't even apply in this case. The last issue I'd like to point out. Look at the difference between the opening brief and the in the reply brief. Opening brief says we want oral argument. We want to vacate the restitution order, and it's based on Griggs and that Griggs trumps everything else. Then look at the reply brief. We don't want oral argument. It's based not on Griggs, but on a rule 43 argument and look at what the conclusion is in the reply brief. Now they want to vacate the sentence and remand for full resentencing. Totally new argument not raised in the opening brief about opening up for resentencing because she has health issues. They filed a notice of appeal as to the sentence. They could have briefed up the issue on. Here's the reset. Here's why we have one of her resentence because the guideline amount was improperly done because the tax loss amount was improperly done because the court didn't do a 35 53 a factor analysis, right? They could have gone through all that they could have gone through. Why? Judge Peterson. She her max sentence was 36 months. She got 21. They could have said, Well, that that 15 month decrease was unreasonable. They didn't. They could have done all that. They didn't. They waived that argument, but they throw it in as a perfunctory issue at the end to try to say, Hey, you know, here we want vacate restitution. Now we want to remand for resentencing. Totally new argument. All this should have been brought up in the initial opening brief. It wasn't. It's all waived. So what are we asking for? Your honor's number one. This case has to be dismissed for lack of jurisdiction by this court because they didn't file that second notice of appeal. In the alternative, we'd ask that you affirm the judgment in the sentence based on the briefs in the case. That's all I have. Unless the court has any questions, I see none. So So thank you very much. Anything further, Mr Hill is Yes, your honor. The government's wrong to describe the argument as perfunctory. There's nothing perfunctory in the reply brief. And in fact, reply briefs are meant to be an occasion to respond to the government's argument. The government has the burden to establish waiver. We don't have a burden to preemptively establish waiver and then to try to knock a waiver argument down in our opening brief. The government never wait raised waiver. There would be no waiver contention in this case. We've appropriately appropriately responded in the reply brief and noted the things that are pertinent to the waiver determination. And so the government wants to now go on about how we should have made arguments of a different type, and we could have contested different things. We are in charge of our own appeals, and we take responsibility for that. But we don't have to raise the issues the government just listed for us to raise. And when a client is not present at a sentencing hearing, that is a per se violation of the sentencing requirement that a person be physically present in court for the imposition of sentence. The government's argument seems to accept that that is a criminal aspect of the case. And so there is a rule 43 a three violation here, and it was properly raised in the reply brief. This is again to say nothing about the 36 64 D five issue. The government wants to say again that there was an objection. The PS are that does not make the amount unassertainable under the statute. That is the prerequisite to get on the statutory language that's then ultimately pertinent to Dolan and to man week. And if the government hasn't done what is required to do to get the extension past the 90 days and be subject then to the more permissive interpretation of that language, then you just don't get there. You can't say because the district court intended to impose restitution. We're now in it with man week and with Dolan with the statute. Those things are not true. The language of the statute requires more Dolan and man re required more. So the government's attempt to fall back on those cases is not persuasive here, and it cannot get around the rule 43 a three violation by saying that the different things that were done show that there's voluntary absence. A stipulation doesn't establish a voluntary absence. A client has the in court. Even with the stipulation rule 43 a three requires physical presence. It didn't happen here. I have nothing else unless the court has questions. I see nothing. So thank you very much. Thanks as well to Mr Graber, and we will take the case under advisement.